UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRY RANDAL COX**<br>     **FED. REG. # 08813-081** | **CIVIL ACTION NO. 12-999** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN, OAKDALE**<br>**CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is Terry Cox's *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 on April 24, 2012.  Doc. 1.  At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Oakdale, Louisiana.  Petitioner named FCIO Warden J.P. Young as respondent.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241 which provides in pertinent part, "[t]he writ of *habeas corpus* shall not extend to a prisoner unless …[h]e is in custody in violation of the Constitution or laws or treaties of the United States …" 28 U.S.C. §2241(c)(3).  Here, petitioner claims that he was held past the time that he was ordered to serve.

Specifically, he states that on November 28, 2007, he was sentenced in the United States District Court, Central Division of Utah, to 63 months incarceration. He claims that his sentence is being illegally "piece-mealed" as the BOP is not giving him credit for all of the time that he served. (Doc. 4, p. 5).

### *Law and Analysis*

Information on the Bureau of Prisons website reveals that petitioner was released on July 18, 2012.[1] Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir.2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir.2005) (citation omitted).

Petitioner's main concern in the *habeas* currently before the court was to receive an immediate or accelerated release from confinement. Because petitioner has been released, the court cannot grant the relief requested and his case is moot.

### *Conclusion and Recommendation*

Since petitioner has been released from incarceration, there is no longer a case or controversy to litigate. Therefore his *habeas* claim is moot.

Accordingly, it is **RECOMMENDED** that petitioner's habeas claims be **DISMISSED WITHOUT PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] Federal Bureau of Prisons, http://www.bop.gov (last visited October 24, 2012).

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE